UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILL R. HOSKINS, JR.                                                                     PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:15-CV-237-DPJ-FKB

NANCY A. BERRYHILL,                                                                      DEFENDANT
ACTING COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION

ORDER

Emily-Ruth S. Ratliff, counsel for Plaintiff Will R. Hoskins, Jr., asks the Court to award her $19,505.50 in attorney's fees under 42 U.S.C. § 406(b)(1)(A). Mot. [19]. The Commissioner responded, "tak[ing] no legal position as to the appropriateness or reasonableness of counsel's request" but observing that "the requested fee does not appear to be unreasonable." Def.'s Resp. [21] at 1. Because the Court finds the fee request reasonable, Ratliff's motion is granted.

I.     Facts and Procedural History

Hoskins retained Ratliff's firm "to represent him in a claim for Social Security Disability [b]enefits . . . and Supplemental Security Income benefits." Mem. [20] at 1. Pursuant to a series of employment agreements, Hoskins agreed that if he prevailed "at any step after [his] case has been to the Appeals Council for the first time," then he would pay his attorney "25% of the past-due benefits due [him] and [his] family resulting from [his] claim(s)." Agreements [20-3] at 2 (CM/ECF pagination).

Hoskins first filed for disability benefits on June 11, 2009. The application was denied initially and on reconsideration, and Hoskins sought a hearing before an Administrative Law Judge ("ALJ"). Following a June 2010 hearing, the ALJ issued an unfavorable decision, which

Hoskins appealed to the Appeals Council. The Appeals Council denied Hoskins's request for review, and Hoskins filed his first lawsuit against the Commissioner in this Court on August 30, 2011. On May 11, 2012, the Court entered an Agreed Order of Remand, sending the case back to the Commissioner for further proceedings.

On remand, the Appeals Council remanded the case to the ALJ, who held a second hearing in January 2013. The ALJ issued another unfavorable decision, and Hoskins appealed. In February 2014, the Appeals Council again remanded the case, which was reassigned to a new ALJ, who held a third hearing in June 2014. That ALJ issued a partially favorable decision in January 2015, and Hoskins filed this lawsuit on March 30, 2015. On August 9, 2016, the Court remanded the case to the Commissioner for further proceedings. Having successfully prevailed in this Court, Hoskins sought [16] and was awarded [18] $4,124.50 in fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

Following remand to the Commissioner, a new ALJ held a fourth hearing in February 2017 and "issued a fully favorable decision dated February 27, 2017, finding . . . Hoskins disabled . . . since October 22, 2010, the amended alleged onset date of disability." Mem. [20] at 3. Ratliff now seeks fees of $19,505.50, representing 25% of Hoskins's past-due benefits less $6,000.00 that has already been remitted to her directly from the Social Security Administration.

II.     Analysis

Ratliff seeks an award of fees under 42 U.S.C. § 406(b)(1)(A), which provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In

> case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The Supreme Court has explained that § 406(b) is not meant to "displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Instead, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

When assessing the reasonableness of a § 406(b) award, the Court may consider "additional factors not explicitly proffered in *Gisbrecht* [such as] risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to [the] claimant, degree of difficulty, and whether the client consents to the requested fee." *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004), *quoted in Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010). Finally, in cases such as this one, where fees are sought under this section and the EAJA, "[f]ee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. 99-80, §3, 99 Stat. 186).

There can be no doubt that Ratliff obtained a favorable result for Hoskins under § 406(b). *See Jackson v. Astrue*, 705 F.3d 527, 530 (5th Cir. 2013) (concluding "that § 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand"). And Ratliff and Hoskins agreed to a fee award of 25% of past-due benefits in the event of a favorable outcome. So the question is whether the award that agreement yields is reasonable. Applying the factors articulated in *Brannen*, the Court concludes that it is.

Starting with the risk of loss, "the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals." *Keel v. Berryhill*, No. 3:15-CV-183, 2018 WL 5839676, at *2 (N.D. Miss. Nov. 7, 2018) (citing *Jeter*, 622 F.3d at 379 & n.9). In her memorandum, Ratliff shows that she is an experienced Social Security attorney who dedicated significant time and effort to Hoskins's case. Mem. [20] at 10–11. The requested fee does not exceed the statutory cap of 25% of past-due benefits—a rate to which Hoskins agreed. As to the value of the case to Hoskins, Ratliff's work resulted in a past-due award of over $100,000, and monthly benefits of $1,309 beginning in January 2018. The value of the case to Hoskins—following denial of his claim at three levels of agency review and after nearly a decade of proceedings—is significant. In view of the foregoing, the Court finds the agreed-upon rate of 25% of past-due benefits represents a reasonable fee in this case.

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Emily-Ruth S. Ratliff's Motion for Attorney's Fees [19] is granted. The Court hereby awards Ratliff $19,505.50, which is to be paid from Hoskins's past-due benefits withheld by the Social Security Administration. Upon receipt of this award, Ratliff shall refund to Hoskins the previously awarded EAJA fees of $4,124.50.

**SO ORDERED AND ADJUDGED** this the 11th day of June, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE